**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1433-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SURAJ R. DESAI,
a/k/a SURAJ DESSAI,

    Defendant-Appellant.

_____

Argued July 31, 2018 — Decided August 16, 2018

Before Judges Sabatino, Mayer, and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-01-0065.

Stephen P. Hunter, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Stephen P. Hunter, of counsel and on the brief).

David M. Liston, Assistant Prosecutor, argued the cause for respondent (Andrew C. Carey, Middlesex County Prosecutor, attorney; David M. Liston, of counsel and on the brief).

PER CURIAM

Defendant Suraj R. Desai appeals from a judgment of conviction following a jury trial in which he was found guilty of fourth-degree operating a motor vehicle during a period of license suspension, N.J.S.A. 2C:40-26(b). Subsequent to sentencing on his conviction, defendant pled guilty to motor vehicle summonses of: operating under the influence, speeding, unsafe lane change, disregarding a stop sign regulation or yield sign, and driving with a suspended license. We affirm.

The following facts are taken from the trial record. In the early morning hours of November 16, 2013, Woodbridge Police Department Officer Bryan Dorward observed a black BMW enter U.S. Route 1 at a high rate of speed and cross into the middle right lane without signaling. Officer Dorward stopped the vehicle, which was operated by defendant. When the officer asked defendant for identification, he produced a valid Connecticut driver's license. Defendant informed Officer Dorward he had been coming from a family party in Edison and that he owned a business in New Jersey. As a result, Officer Dorward performed a record check, which revealed defendant's driving privileges in New Jersey were suspended. The officer issued defendant a summons for driving while suspended.

Defendant was subsequently indicted under N.J.S.A. 2C:40-26(b) for operating a motor vehicle with a suspended license and

issued the aforementioned summonses. At trial, in addition to testimony from Officer Dorward, the State presented testimony from a Motor Vehicle Commission employee, Andrew Feller. Defendant did not testify, but adduced expert testimony from a retired New Jersey State Police Trooper regarding police procedures relating to the motor vehicle stop in this case.[1]

Feller testified defendant's driver's abstract stated his driver's license was suspended on June 5, 2013, because defendant was convicted of driving under the influence (DUI), N.J.S.A. 39:4-50. Feller further explained defendant was previously convicted of a DUI on July 22, 2009, which resulted in suspension of his license. Feller testified a suspended license "means that you have lost the privilege to drive in the [S]tate of New Jersey." Feller further stated the possession of an out-of-state license "doesn't affect [a] New Jersey license suspension at all. However if someone receives a suspension of their driving privilege, they're not permitted to drive in our state with or without any other kind of license."

Following Feller's testimony, the State admitted its documentary evidence, including evidence defendant had signed an acknowledgment when his New Jersey license was suspended in 2013,

---

[1] Because it is irrelevant to the issue on appeal, we do not discuss the testimony by defendant's expert.

prior to committing the offense in this case. Thereafter, defendant's expert testified, counsel provided summations, the jury deliberated and returned a guilty verdict. This appeal followed.

On appeal, defendant raises the following argument:

> THE TRIAL COURT'S REFUSAL TO ALLOW DEFENDANT TO PRESENT THE DEFENSE THAT HE DID NOT ACT KNOWINGLY BECAUSE HE BELIEVED THAT HIS VALID OUT-OF-STATE LICENSE ALLOWED HIM TO DRIVE IN NEW JERSEY VIOLATED HIS CONSTITITUTIONAL RIGHTS.

I.

"Trial judges have broad discretion in setting the permissible boundaries of summations." State v. Muhammad, 359 N.J. Super. 361, 381 (App. Div. 2003). "The scope of defendant's summation argument must not exceed the 'four corners of the evidence.'" State v. Loftin, 146 N.J. 295, 347 (1996) (quoting State v. Reynolds, 41 N.J. 176, 195 (1963)). "The 'four corners' include the evidence and all reasonable inferences drawn therefrom." State v. Jones, 308 N.J. Super. 174, 185 (1998) (quoting Loftin, 146 N.J. at 347). "Thus, it is proper for a trial court to preclude references in closing arguments to matters that have no basis in the evidence." Ibid.

As to a trial judge's discretion whether to give a particular charge to a jury, the Supreme Court has held:

It is not incumbent upon the trial court to give any requested instruction which is an erroneous statement of the law or is otherwise improper under the facts of the case or does not state the law with substantial correctness. The trial court may properly refuse a requested charge which is unintelligible or incomplete, or which might prove misleading or confusing to the jury; a requested instruction requiring the jury to decide questions of law; a requested instruction in conflict with instructions given; a requested instruction which has no evidence to support it; an instruction which is too general or too broad or omits some qualification or limitation necessary to make it properly applicable to the facts of the case; or a request not broad enough to cover the whole law of the case on the point.

Failure to honor proper requests will ordinarily be deemed prejudicial error when the subject matter is fundamental and essential or is substantially material to the trial. In any other situation the objecting party must establish an abuse of discretion.

[State v. Green, 86 N.J. 281, 291 (1981) (citation omitted).]

## II.

Defendant argues the trial judge erred by refusing to allow him to present a defense that he did not knowingly violate N.J.S.A. 2C:40-26(b). Defendant contends he was entitled to present a defense that he believed his Connecticut license was valid and permitted him to drive in New Jersey notwithstanding his suspension. Defendant argues the trial judge erred by requiring defendant to testify in order to present a defense, and that a

jury could infer he did not "knowingly" drive a vehicle in New Jersey in violation of the statute, and therefore lacked the requisite mens rea to violate the statute without his testimony. Defendant also argues the trial judge should have issued the model charge on ignorance and mistake to aid the jury in understanding his defense.

Fundamentally, a defendant possesses a "right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies." Washington v. Texas, 388 U.S. 14, 19 (1967); see also State v. Jenewicz, 193 N.J. 440, 451 (2008) (holding the fundamental right to present a defense is protected by the United State Constitution and the New Jersey Constitution).

In New Jersey, ignorance of the law may provide a defendant with a defense in certain limited circumstances. Indeed, N.J.S.A. 2C:2-4 states: "Ignorance or mistake as to a matter of fact or law is a defense if the defendant reasonably arrived at the conclusion underlying the mistake and: (1) It negatives the culpable mental state required to establish the offense[.]"

N.J.S.A. 2C:40—26(b) states:

> It shall be a crime of the fourth degree to operate a motor vehicle during the period of license suspension in violation of R.S.39:3-40, if the actor's license was suspended or revoked for a second or subsequent violation

of R.S.39:4-50 or section 2 of P.L.1981, c.512 (C.39:4-50.4a). A person convicted of an offense under this subsection shall be sentenced by the court to a term of imprisonment.

N.J.S.A. 2C:2-2(c)(3) states:

Although no culpable mental state is expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of such offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime with the culpability defined in paragraph b.(2) of this section. This provision applies to offenses defined both within and outside of this code.

N.J.S.A. 2C:2-2(b)(2) states:

A person acts knowingly with respect to the nature of his conduct or the attendant circumstances if he is aware that his conduct is of that nature, or that such circumstances exist, or he is aware of a high probability of their existence. A person acts knowingly with respect to a result of his conduct if he is aware that it is practically certain that his conduct will cause such a result. "Knowing," "with knowledge" or equivalent terms have the same meaning.

The model jury charge for N.J.S.A. 2C:40-26 describes the elements, which must be met by the State to prove the offense:

In order for defendant to be convicted of this offense, the State must prove the following elements beyond a reasonable doubt:

7                                                        A-1433-16T2

1. That the defendant knowingly operated a motor vehicle;

2. That the defendant's license was suspended or revoked for his/her

(a) first violation of [driving while intoxicated] or [refusal to submit to a chemical breath test] and the actor had previously been convicted of operating a motor vehicle during the period of license suspension while under suspension for that first offense;

OR

(b) second or subsequent violation of [driving while intoxicated] or [refusal to submit to a chemical breath test]; and

3. <u>That the defendant knew that his/her license was suspended or revoked.</u>

[<u>Model Jury Charges (Criminal)</u>, "Driving While License is Suspended or Revoked for DWI or Refusal to Submit to a Chemical Breath Test (N.J.S.A. 2C:40-26)" (rev. April 11, 2016) (emphasis added).]

The gravamen of defendant's appeal centers on his claim he was deprived of the ability to assert he did not know his right to drive in New Jersey remained suspended, and that his valid Connecticut license did not authorize him to drive in this state. Defendant filed a pre-trial motion to suppress the evidence from the motor vehicle stop, arguing Officer Dorward lacked reasonable suspicion to make the stop, which the trial judge denied. Officer Dorward testified at the suppression hearing, and offered

testimony consistent with our summary above, specifically testifying defendant had presented a valid Connecticut driver's license during the stop.

Following the suppression hearing, defense counsel objected to the jury charges proposed by the State, and argued the charges should not mention defendant possessed a Connecticut driver's license because it was not a part of the model charge. The prosecutor noted she had crafted the charge to inform the jury "that just because [defendant had a valid out-of-state license] doesn't mean he had the right to drive [in New Jersey]." The prosecutor further explained "I'm not trying to argue that [defendant] should have known or he shouldn't have known either way with that charge, just so [the jury is] aware of what the law is. That was the purpose of that charge."

The trial judge inquired of defense counsel: "Are you going to assert as part of your trial that [defendant's] possession of a Connecticut license is a defense to these charges?" Defense counsel responded: "Not directly, Judge, but it can be inferred that that's his understanding." Appropriately, the trial judge did not adjudicate the dispute over the charge before the State presented the evidence, and instead advised defense counsel as follows:

> [I]t depends on what you are asserting as a defense. [The State] might be entitled to something based on what you assert for a defense. I'll wait and see what you assert. If you assert something that [the State has] a right to respond to . . . the [c]ourt is always free to craft additional jury charges.

The following day, prior to jury selection, the trial judge advised that, based on his research, defendant could not assert possession of a valid out-of-state license as a defense at trial. Specifically, the trial judge stated: "I will give you two cases . . . <u>State of New Jersey v. McDonald</u> . . . and <u>State of New Jersey v. William Nemesh</u>[.]"

After the jury was empaneled and given preliminary instructions, they were released. Thereafter, the trial judge and counsel continued to discuss the issue of defendant's Connecticut license. The prosecutor requested the judge's permission to elicit testimony from Officer Dorward that defendant had handed him the Connecticut license during the stop. The trial judge held "[The State] can mention it, but [defendant] can't argue that it's a defense to the driving while suspended." The judge reasoned permitting such a defense was a "misstatement of the law."

The trial testimony occurred the following day. Over defense counsel's objections, Officer Dorward testified defendant had handed him a Connecticut license during the stop, and explained, notwithstanding the valid Connecticut license, he issued defendant

a summons because his license had been suspended in New Jersey. As we noted, Feller also testified, over defense counsel's objections, and explained a valid out-of-state license does not affect one's ability to operate a vehicle in New Jersey.

Following submission of the State's case, and before commencement of the defense case, as the trial judge and counsel reviewed the proposed jury charges offered by the State, defense counsel again noted both of the State's witnesses had testified a valid Connecticut license did not give defendant license to drive in New Jersey. Defense counsel asserted this objection to argue it should not be a part of the jury charge. The trial judge stated he did not intend to give such a charge.

Defendant also argued a document admitted in evidence, which demonstrated on its face that defendant had been served with notice of his New Jersey license suspension at his Connecticut address, warranted the opportunity to explain to the jury he did not understand he could not drive in New Jersey. The following colloquy occurred:

> [DEFENSE COUNSEL]: . . . the [c]ourt has already admitted into evidence the notice . . . which I think is confusing, I will be arguing to the jury that that is a legal document and that he may not have understood the implications as a Connecticut driver and I —

> [COURT]: You can't do that because there's no evidence to support that he did not understand.
>
> . . . .
>
> You can't create that argument. So you can't say he did not understand unless he takes the stand and says he did not understand.

When the trial resumed, defendant advised the trial judge he would not testify, and adduced only the testimony of his expert.

Having reviewed the record, we agree with the trial judge the facts presented did not permit defendant the ability to argue he lacked the requisite mens rea to violate N.J.S.A. 2C:40—26(b). Thus, although it is the better practice that trial judges avoid imparting any instruction, which may be perceived as suggesting a defendant waive the privilege against self-incrimination[2], the facts here do not demonstrate the trial judge abused his discretion in curtailing defense counsel's closing argument to the jury concerning mens rea issues.

As we noted, the trial judge relied on our holding in <u>State v. Nemesh</u>, 228 N.J. Super. 597 (App. Div. 1988). In <u>Nemesh</u>, the defendant appealed from his conviction of DUI, N.J.S.A. 39:4-

---

[2] "From its beginnings as a State, New Jersey has recognized the right against self-incrimination and has consistently and vigorously protected that right. The right against self-incrimination is an integral and essential safeguard in the administration of criminal justice." <u>State v. Reed</u>, 133 N.J. 237, 250 (1993) (citations omitted).

50(a)(3), and driving while suspended. When Nemesh was stopped by police, his New Jersey driver's license was suspended, but he produced a valid Maryland license. The State had adduced a copy of the notice of suspension of defendant's New Jersey license and a certificate of mailing demonstrating proof of service of the notice.

On appeal, we stated:

> While it is true that the evidence showed defendant had a valid Maryland driver's license, there is nothing to support his speculation that the notice of [the suspension] had been resolved and he simply had not bothered to obtain another New Jersey license. On the contrary, defendant testified on direct examination: "I was scared that I was driving without a driver's license. . . ."
>
> Defendant's driving privileges in this state had been suspended. His possession of a valid Maryland driver's license did not authorize him to operate a motor vehicle in this state, particularly where he was working full time in this state and residing with his daughter. We agree with the trial judge that the Maryland license seems to have been obtained and used by defendant to divert the attention of police officers in the event he was stopped and to avoid their learning that his New Jersey driving privileges had been suspended.
>
> [Nemesh, 228 N.J. Super. at 609.]

The defendant in Nemesh could argue a lack of mens rea defense because the record contained defendant's testimony that he feared driving without a license as the reason he had obtained a Maryland

license, to permit an inference he lacked the requisite mens rea. Here, defendant made no such admission and the record lacked any evidence, circumstantial or otherwise, to permit defendant a defense of mistake or ignorance.

Furthermore, defendant's proffered defense was the presentation of a valid Connecticut driver's license as evidence he believed he could drive in New Jersey. However, this argument would not negate an element of N.J.S.A. 2C:40—26(b). Indeed, the State had only to prove defendant was driving in New Jersey and knew his New Jersey license was suspended or revoked. Thus, under the facts of this case, the circumstantial evidence of the presentation of a Connecticut license was not state of mind evidence of a legally valid defense to the offense charged, and the trial judge correctly concluded defense counsel's argument the jury could make such an inference was a "misstatement of the law." For these reasons, the judge was neither required to charge the jury nor wrong to deny defense counsel the ability to argue in summation an untenable defense of the sort asserted by defendant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1433-16T2